IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**FILED**

NOV 19 2020

Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 2:20-CR-*11* |
| TRINITY WAYNE COLEMAN | § | Judge _____ |

SEALED

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C.
§ 1029(a)(2) (Use of
Unauthorized Access Device)

From on or about July 11, 2020 until July 12, 2020, in Upshur County, Texas, within the Eastern District of Texas, defendant **Trinity Wayne Coleman** knowingly and with intent to defraud, trafficked in and used one or more unauthorized access devices, namely, an Austin Bank debit card account number xxxxxxxx4838, and by such conduct obtained anything of value aggregating $1,000 or more during that period, said use affecting interstate commerce in that the access device involved a financial institution that does business in interstate commerce.

In violation of 18 U.S.C. § 1029(a)(2).

Indictment – Page 1

**Count Two**

Violation:   18 U.S.C. § 1708<br>(Possession of Stolen Mail)

On or October 2, 2020, in Upshur County, Texas, within the Eastern District of Texas, defendant **Trinity Wayne Coleman** did unlawfully have in his possession United States mail and the contents of United States mail; to wit, approximately 36 pieces of stolen mail and mail matter contained therein, specifically, mail matter including tax related documents, bank documents, credit cards, checks, drivers' licenses, and personal identification information, which had been stolen, taken, embezzled, and abstracted from the United States mail, knowing the same United States mail to have been stolen, taken, embezzled, and abstracted.

In violation of 18 U.S.C. § 1708.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

### Pursuant to 18 U.S.C. § 982(a)(2)(B) and 28 U.S.C. § 2462(c)

As the result of committing the offenses as alleged in this indictment, the defendant shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(2)(B) and 28 U.S.C. § 2462(c) all property, real or personal, involved in the offenses or traceable to such property, including but not limited to the following:

**Electronics:**

A red HP laptop, model number 15dw0083wm, serial number CND0191MXV

**Cash Proceeds**

A sum of money equal to $10,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offense alleged in this indictment, for which the defendant is personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value or;
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest that the defendant has in the above-described property is vested in and forfeited the United States pursuant to 18 U.S.C. § 982(a)(2)(B) and 28 U.S.C. § 2462(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

STEPHEN J. COX
UNITED STATES ATTORNEY

_____
ALLEN H. HURST
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 2:20-CR- 11 |
| | § | Judge _____ |
| TRINITY WAYNE COLEMAN | § | |
| | | SEALED |

## NOTICE OF PENALTY

### Count One

Violation:   18 U.S.C. § 1029(a)(2)

Penalty:   A fine of not more than $250,000.00 and/or imprisonment for not more than ten (10) years; and a period of supervised release of not more than three (3) years.

Special Assessment: $100.00

### Count Two

Violation:   18 U.S.C. § 1708

Penalty:   A fine of not more than $250,000.00 and/or imprisonment for not more than five (5) years; and a period of supervised release of not more than three (3) years.

Special Assessment: $100.00

Indictment – Page 5